UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRIN LAPINE,

Plaintiff,

v.

SAULT TRIBE, INC., et al.,

Defendants.
______________________________/

Case No. 2:26-cv-126

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff Darrin LaPine filed this action on May 19, 2026 alleging that Defendant Sault Tribe, Inc. has violated and continues to violate his rights under various constitutional and statutory provisions (Compl. [ECF No. 1]). LaPine claims that his injuries stem from Defendant's revocation of his captains card and fishing boat registrations (*see* Report & Recommendation (R&R), ECF No. 27 at PageID.254).

On May 27, 2026, LaPine moved for a temporary restraining order (TRO), a preliminary injunction, and a stay, asking the Court to prevent Defendant from revoking his captains card and fishing boat registrations (ECF No. 4). The Court denied in part and dismissed in part this motion (ECF No. 5). On August 19, 2026, LaPine again moved for a TRO, a preliminary injunction, and a stay (ECF No. 18). LaPine's August 19, 2026 motion is almost identical to his May 27, 2026 motion and asks for the same relief: an emergency injunction preventing Defendants from revoking his captains card and fishing boat registrations (*compare* ECF No. 4 *with* ECF No. 18).

The Magistrate Judge has issued a Report and Recommendation, recommending that the Court deny LaPine's August 19, 2026 motion (R&R, ECF No. 27 at PageID.256). The matter is now before the Court on LaPine's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

LaPine's objections are organized into numbered and lettered paragraphs, and each paragraph contains one or more objections. The Court addresses LaPine's objections in order.

***Paragraph (1)***. LaPine contends that the Magistrate Judge erred in determining that LaPine cannot show a likelihood of success on the merits of his claims (Objs., ECF No. 34 at PageID.281). In his objections, LaPine alleges incidents of misconduct that he claims led to the revocation of his captains card and fishing boat registrations (*id.* at PageID.281–282). LaPine believes this misconduct violated 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act, and "the 7 grandfathers, which [Defendants] are obligated to follow" (*id.* at PageID.281).

LaPine does not identify any error in the Magistrate Judge's determination about LaPine's likelihood of success on the merits. As the Magistrate Judge correctly noted, LaPine must show a "strong or substantial likelihood of success" on his claims (R&R, ECF No. 27 at PageID.256 (citing *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989)). The Magistrate Judge further explained that "[i]t is not at all clear from [LaPine's] . . . complaint or subsequent filings that [LaPine] has a substantial likelihood of success on his claims" (*id.*). Although LaPine's objection details many actions that LaPine believes are unlawful, LaPine does not clarify *why* these actions

are unlawful. Thus, LaPine has not shown why the Magistrate Judge's determination is erroneous, and this objection is denied.

***Paragraph (2)***. LaPine claims that it was error to issue a Report and Recommendation instead of immediately granting the relief that LaPine requested (Objs., ECF No. 34 at PageID.282–283). LaPine also asserts that the Report and Recommendation was issued too late because LaPine is suffering ongoing harm without a TRO (*id.* at PageID.283). These arguments lack merit because the Magistrate Judge properly followed the procedures established in 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and this Court's Local Civil Rule 72.3(b), which required the Magistrate Judge to issue a Report and Recommendation before the Court may grant or deny a request for injunctive relief.

LaPine objects that the Magistrate Judge failed to analyze his August 19, 2026 motion under the lenient standard for evaluating pro se pleadings (Objs., ECF No. 34 at PageID.283 (citing *Haines v. Kerner*, 404 U.S. 519 (1972) and *Erikson v. Pardus*, 551 U.S. 89 (2007)). This objection lacks merit because LaPine's August 19, 2026 motion is not a pleading. Rather, the Magistrate Judge correctly applied the test for analyzing motions for preliminary injunctive relief (R&R, ECF No. 27 at PageID.255–256). This objection is therefore denied.

***Paragraph (3)(a)***. LaPine disagrees with the Magistrate Judge's characterization of LaPine's request for relief as "unclear" (Objs., ECF No. 34 at PageID.283–284, referencing R&R, ECF No. 27 at PageID.254). The Court disagrees. LaPine asks for an order preventing the revocation of his captains card and boating registrations but also alleges that his captains card and boating registrations were already taken on April 22, 2026 (Aug. 19, 2026 Mot., ECF No. 18 at PageID.165). The Magistrate Judge therefore correctly construed LaPine's August 19, 2026

motion to ask for an injunction *reversing* the revocation of his captains card and boat registrations (R&R, ECF No. 27 at PageID.254). Hence, this objection is denied.

***Paragraph (3)(b)***. LaPine argues that if the Court does not grant the TRO motion in his case, "then this type of preliminary injunctive relief can't be issued or warranted in any case in any Court" (Objs., ECF No. 34 at PageID.284). This objection does not contain a specific objection to the Report and Recommendation as required by Federal Rule of Civil Procedure 72(b)(2). *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citations omitted) ("Overly general objections do not satisfy the objection requirement."). Therefore, the objection is denied.

***Paragraph (3)(c)***. In his objections, LaPine describes the injuries he is suffering and alleges that they "warrant immediate injunctive relief" (Objs., ECF No. 34 at PageID.284). According to LaPine, "[e]ach day [he] has no captains card is one day he can't put food on his table, in his freezer, others cannot depend on fish to eat, nor can [he] enjoy life" (*id.*). The Court interprets LaPine to object to the Magistrate Judge's determination that LaPine has not suffered irreparable injury (*see* R&R, ECF No. 27 at PageID.256). However, the Magistrate Judge properly noted that a harm "is irreparable only if it is not fully compensable by monetary damages" (*id.*). Moreover, as the Magistrate Judge pointed out, it has been several months since LaPine asserts he lost his captains card and fishing boat registrations (*id.*). LaPine explains neither why monetary damages cannot compensate him for the loss of his captains card and fishing boat registrations nor how he has sustained himself for several months without a captain's card and fishing boat registrations if he needs them to survive. Therefore, LaPine does not identify an error in the Magistrate Judge's analysis of irreparable harm.

***Paragraph (3)(d)***. LaPine reiterates several objections that he makes elsewhere: that the Magistrate Judge incorrectly determined that LaPine's success on the merits is unclear (Objs., ECF

No. 34 at PageID.284–285, referencing R&R, ECF No. 27 at PageID.256); that the Magistrate Judge improperly applied a heightened standard of review (*id.*); and that the Magistrate Judge incorrectly characterized LaPine's request for relief as unclear (*id.*, referencing R&R, ECF No. 27 at PageID.254). As already explained, these objections are denied.

***Paragraph (3)(e)***. LaPine argues that because Defendant knows about this lawsuit and LaPine's allegations generally, Federal Rule of Civil Procedure 65(b)(1)(B)'s notice requirement does not apply (Objs., ECF NO. 34 at PageID.285, referencing R&R, ECF No. 27 at PageID.254–255). But LaPine does not cite any authority to support this argument. Moreover, because the Magistrate Judge determined that LaPine has not shown a likelihood of success on the merits or irreparable injury, LaPine's objection would not affect the Magistrate Judge's recommendation even if the objection had merit. Accordingly, this objection is denied.

In sum, LaPine fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Thus, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 34) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 27) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that LaPine's Motion for a Temporary Restraining Order, Preliminary Injunction, and Stay (ECF No. 18) is DENIED.

Dated: October 23, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge